**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF ILLINOIS,
PEORIA DIVISION**

| | |
|---|---|
| EMILY & CHARLES HOOK, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   No. |
| | ) |
| FINANCIAL RECOVERY SERVICES, INC. | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL**

EMILY & CHARLES HOOK (Plaintiffs), through their attorneys, KROHN & MOSS, LTD., allege the following against FINANCIAL RECOVERY SERVICES, INC., (Defendant):

**INTRODUCTION**

1. Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**JURISDICTION AND VENUE**

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant is located in and conducts business in the state of Illinois, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

PLAINTIFFS' COMPLAINT                                                                                               1

6. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

7. Plaintiffs are natural persons residing in Bellevue, Sarpy County, Nebraska.

8. Plaintiffs are consumers as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiffs allegedly owe a debt as that term is defined by *15 U.S.C. 1692a(5)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiffs.

10. Defendant maintains an office in Bloomington, McLean County, Illinois.

11. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

12. Defendant constantly and continuously places collection calls to Plaintiffs seeking and demanding payment for an alleged debt.

13. Defendant called Plaintiffs from the following telephone numbers: 866-301-0355, 877-258-3398 and 952-831-4800.

14. Defendant calls Plaintiffs on their home telephone at 402-547-3338 and on Plaintiff's, Charles Houk, work telephone number at 402-294-0879.

15. Plaintiff, Charles Houk, repeatedly informed Defendant that he is unable to receive personal calls at work. Despite this, Defendant continues to call.

16. Defendant often calls Plaintiffs and hangs up without leaving voicemail messages. Plaintiffs are aware that it is Defendant because their caller ID indicates Defendant's telephone number.

17. During Defendant's initial communication with Plaintiffs, Defendant did not disclose that

the call was from a debt collector.

18. During Defendant's initial communication with Plaintiffs, Defendant did not state that the call was from Financial Recovery Services, Inc.

19. Defendant informed Plaintiffs in November 2009 that it would send the account to the legal department for filing if payment was not immediately made. To date, no lawsuit has been filed against Plaintiffs.

20. Defendant failed to provide Plaintiff a debt validation letter. To date, Plaintiffs have never received any written correspondence from Defendant.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

21. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with Plaintiff, Charles Houk, at his place of employment after being informed that his employer does not permit Plaintiff from receiving such communication.

    b. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and/or abuse the Plaintiffs.

    c. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiffs.

    d. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity because Defendant calls Plaintiffs and hangs up without leaving a voicemail message.

    e. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity because during the initial

communication Defendant failed to state that the call was from Financial Recovery Services, Inc.

f. Defendant violated *§1692e(5)* of the FDCPA by threatening to submit Plaintiffs' account to their legal department for filing if immediate payment was not made and when Defendant did not intend such action to be taken.

g. Defendant violated *§1692e(10)* of the FDCPA by using false representations and deceptive means in an attempt to collect a debt because Defendant calls Plaintiffs and hangs up without leaving voicemail messages.

h. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in the initial communication that the debt collector is attempting to collect a debt and that any information will be used for that purpose.

i. Defendant violated *§1692f* of the FDCPA by using unfair means to attempt to collect a debt.

j. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's

written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiffs, EMILY and CHARLES HOUK, respectfully request judgment be entered against Defendant, FINANCIAL RECOVERY SERVICES, INC., for the following:

22. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

23. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

24. Actual damages,

25. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

26. Any other relief that this Honorable Court deems appropriate.

        RESPECTFULLY SUBMITTED,

        by:  /s/ Adam J. Krohn_____
        Adam J. Krohn
        Adam T. Hill
        KROHN & MOSS, LTD.
        120 W. Madison St., 10th Fl.
        Chicago, Illinois 60602
        (312) 578-9428
        *Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, EMILY and CHARLES HOUK, demand a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NEBRASKA

Plaintiff, EMILY HOUK, states the following:

1. I am one of the Plaintiffs in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, EMILY HOUK, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_____6/12/10_____                      _____Emily Houk_____
         Date                                                    EMILY HOUK

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NEBRASKA

     Plaintiff, CHARLES HOUK, states the following:

8. I am one of the Plaintiffs in this civil proceeding.
9. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
10. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
11. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
12. I have filed this Complaint in good faith and solely for the purposes set forth in it.
13. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
14. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

    Pursuant to 28 U.S.C. § 1746(2), I, CHARLES HOUK, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

2-12-10
_____
Date

_____
CHARLES HOUK